# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

| | |
|---|---|
| MATTHEW CLARK KRAMER,     * <br> 2100 East Bengal Boulevard     * <br> Apt. B203     * <br> Cottonwood Heights, Utah 84121     * <br>     * <br>        Plaintiff     * <br>     * <br> v.     * <br>     * <br> GROUND ZERO CRYPTO, LLC     * <br> 2148 Baltimore Avenue     *    Civil Action No. _____ <br> Finksburg, Maryland 21048     * <br>     * <br>   Serve on:   John Schieve, Resident Agent     * <br>                   2148 Baltimore Avenue     * <br>                   Finksburg, Maryland 21048     * <br>     * <br> PETER CAMPBELL, a/k/a Gliese     * <br> 259 Ocean House Road     * <br> Cape Elizabeth, Maine 04107     * <br>     * <br>   and     * <br>     * <br> JOSEPH BERGVINSON, a/k/a Hashburglar     * <br> 24977 72nd Avenue     * <br> Langley, British Columbia V4W1J1     * <br> Canada     * <br>     * <br>   and     * <br>     * <br> HENRY HE, a/k/a Peach     * <br> 4709 Skillman Avenue, Apt. E2     * <br> Long Island City, New York 11104     * <br>     * <br>   and     * <br>     * <br> CHRISTOPHER NEIL DAVENPORT     * <br> 2148 Baltimore Avenue     * <br> Finksburg, Maryland 21048     * | |

|                                    | * |
|------------------------------------|---|
| and                                | * |
|                                    | * |
| MATTHEW DELORENZO,                 | * |
| 2905 Claremont Road                | * |
| Raleigh, North Carolina 27608      | * |
|                                    | * |
| Defendants.                        | * |
|                                    | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND JURY DEMAND

Plaintiff Matthew Kramer, through his undersigned counsel, file this Complaint against Defendants Ground Zero Crypto, LLC, Peter Campbell, Joseph Bergvinson, Christopher Neil Davenport, Matthew DeLorenzo and Henry He as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff Matthew Clark Kramer is an individual residing in Salt Lake County, Utah.

2. Defendant Ground Zero Crypto, LLC ("Ground Zero") is a Maryland limited liability company formed on February 18, 2022 with its principal place of business in Finksburg, Maryland.

3. Defendant Peter Campbell is an individual citizen of the State of Maine.

4. Defendant Joseph Bergvinson is an individual citizen of the province of British Columbia.

5. Defendant Henry He is an individual citizen of the State of New York.

6. Defendant Christopher Neil Davenport is an individual citizen of the State of Maryland.

7. Defendant Matthew DeLorenzo is an individual citizen of the State of North Carolina.

8. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 insofar as Plaintiffs and Defendants are of completely diverse citizenship and insofar as the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) insofar as principal Defendant Ground Zero resides in Carroll County, Maryland.

## FACTUAL ALLEGATIONS

10. Plaintiff Matthew Clark Kramer ("Kramer") has an interest in the evolving technology related to cryptocurrency.

11. In August 2021, Kramer conceived a business venture involving an automated market maker protocol to facilitate token swaps using smart contracts and tokens.

12. Kramer named the business venture "SaucerSwap."

13. On September 23, 2021, Kramer started a private social media group identified as "SaucerSwap" to discuss and further develop his business concept.

14. Kramer developed basic branding concepts for the business venture, including the SaucerSwap name and the initial logo design. On October 11, 2021, he additionally hired and paid an independent contractor to further design the logo, font, colors and other branding items.

15. On October 15, 2021, Kramer created a Reddit for SaucerSwap.

16. On October 17, 2021, Kramer created a SaucerSwap Twitter account.

17. On October 28, 2021, Kramer created a SaucerSwap Instagram Account.

18. On October 17, 2021, Kramer contacted Defendant Peter Campbell ("Campbell") about joining the SaucerSwap venture to assist with its social media accounts.

19. In addition to accepting Kramer's offer to become a SaucerSwap venture partner, Campbell requested that he be identified as a co-founder of SaucerSwap. Kramer agreed to identify Campbell as a co-founder, even though Campbell was not a part of the original team (which included Kramer, his brother Michael Kramer and Jeff Patzer).

20. In November 2021, Campbell pressured Kramer and his brother Michael to remove Jeff Patzer from the venture membership. Campbell asserted, among other things, that Jeff did not have the sufficient time to contribute to the venture. Jeff agreed to accept a monetary payment in exchange for his SaucerSwap membership interest.

21. In November 2021, Kramer, his brother Michael and Campbell brought on two additional venture members: Defendant Joseph Bergvinson ("Bergvinson") (a/k/a Hashburglar) and Defendant Henry He ("He") (a/k/a Peach).

22. Kramer created a new social media team channel on November 4, 2021 to facilitate communications among Kramer, his brother Michael, Campbell, He and Bergvinson for the further development of the SaucerSwap venture.

23. On November 23, 2021, Campbell identified the need for a written agreement among the venture members addressing allocations and other matters.

24. Around November 26, 2021, Kramer, his brother Michael and Campbell agreed to hire Rove Lab to develop animation for the website and non-fungible token ("NFT"). Rove Lab provided the animation for $15,000. Of that amount, Kramer contributed an initial payment of approximately $3,500. Kramer later paid the $7,500 balance to Rove Lab.

25. In December 2021, Defendants Matthew DeLorenzo ("DeLorenzo") and Christopher Neil Davenport ("Davenport") joined the SaucerSwap venture, along with Nicholas Hanna. The seven members of the SaucerSwap venture agreed that their respective ownership interests in the business – and, by extension, the anticipated NFT sale – would be as follows:

| | |
|---|---|
| Kramer | 25% |
| Michael Kramer (his brother) | 15% |
| Campbell | 27% |
| Bergvinson | 22% |
| Davenport | 3% |
| He | 5% |
| DeLorenzo | 3% |

26. In addition to their respective ownership interests, the seven SaucerSwap venture members also agreed that they each would receive a certain percentage allocation of the total 240,000,000 SaucerSwap or "SAUCE" tokens. Kramer's token allocation was to be at least 3.34% of the total SAUCE tokens, or at least 8,016,000 tokens currently valued in excess of $2.2 million.

27. In January 2022, the SaucerSwap venture members worked on code development, solidity, social media, marketing, entity formation and other efforts in furtherance of the venture.

28. The SaucerSwap venture members, or some of them, agreed to create a business entity through which to operate the joint venture enterprise, and on February 10, 2021, formed a limited liability company known as Planck Epoch, LLC. The SaucerSwap members, including

Kramer, had all agreed to take the business venture live on February 22, 2022 with SaucerSwap's first NFT investment offering to the public.

29. Unbeknownst to Kramer, on February 18, 2022, Davenport also formed Defendant Ground Zero in Maryland and registered Kramer's "SaucerSwap" trade name with the Maryland Department of Assessments and Taxation ("SDAT").

30. Two days later, on February 20, 2022, Kramer and his brother Michael Kramer received a document titled: "Motion of No Confidence" purporting to oust him from the SaucerSwap venture. The "Motion of No Confidence" claims, among other things, that Kramer engaged in "unilateral decision making beyond assumed authority."

31. That same day, the other SaucerSwap members attempted to lock Kramer out of the SaucerSwap Twitter, Instagram, and Discord accounts, as well as the SaucerSwap website.

32. Kramer has been able to retain the SaucerSwap Twitter account.

33. A few days later, the venture capital members also caused the SaucerSwap website to be redirected to a new URL: saucerswap.finance.

34. The website at saucerswap.finance includes the animations purchased by Kramer and the proprietary business plan and intellectual property conceptualized and developed by Kramer.

35. Having just expelled the two founders of SaucerSwap, the remaining SaucerSwap members announced they would be going forward with the public SaucerSwap NFT sale on March 1, 2022 to generate revenues for the further development of the SaucerSwap venture.

36. The initial SaucerSwap NFT sale in fact took place on February 22, 2022. Kramer was excluded from participating in that culminating SaucerSwap event and Kramer and

his brother since have been locked out of the SaucerSwap venture by the remaining SaucerSwap members – Bergvinson, He, Campbell, Davenport and DeLorenzo.

## COUNT I
## BREACH OF FIDUCIARY DUTY
### (Against all Defendants)

37. Kramer incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

38. As a founding partner and 25% member of the SaucerSwap venture, Kramer is owed fiduciary duties of loyalty and honesty by Defendants, the other SaucerSwap members.

39. Defendants also owe Kramer and the SaucerSwap venture the duty not to give their personal interests priority over the best interests of Kramer and SaucerSwap.

40. Defendants have breached their fiduciary duties to Kramer by, among other things, hijacking the SaucerSwap venture, including its concepts, branding materials, coding, marketing, website, social media accounts (or some of them) for their personal use and benefit.

41. Defendants further breached their fiduciary duties to Kramer by excluding Kramer from the SaucerSwap venture that he founded and proceeding with the NFT sale without allowing Kramer to participate.

42. These breaches of Defendants' fiduciary duties to Kramer have proximately caused Kramer to incur significant monetary losses, including without limitation the loss of Kramer's capital contributions to the SaucerSwap venture, the loss of Kramer's 25% equity interest in SaucerSwap, and the loss of Kramer's at least 3.34% SAUCE token allocation worth in excess of $2.2 million.

WHEREFORE, Kramer demands judgment jointly and severally against Defendants of not less than $2,700,000, plus interest and costs, and requests that the Court award such other and further relief that it deems just and equitable.

## COUNT II
## CONVERSION
### (Against All Defendants)

43. Kramer incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

44. Defendants have illegally removed Kramer from the SaucerSwap venture that he founded. In so doing, Defendants have converted for their own use to the complete exclusion of Kramer the SaucerSwap trade name, logo, social media accounts and other intellectual property created and developed by Kramer.

45. Defendants did so contrary to Kramer's ownership rights over this intellectual property.

46. Defendants did so intentionally, with malice, and/or with reckless disregard for Kramer's property rights for their own personal financial gain.

47. Defendants have refused to return this intellectual property to Kramer.

48. Defendants aforementioned misconduct has caused Kramer significant financial losses and other damage.

WHEREFORE, Kramer demands judgment jointly and severally against Defendants of not less than $2,700,000, plus punitive damages, interest and costs, and requests that the Court award such other and further relief that it deems just and equitable.

## COUNT III
## QUANTUM MERUIT / UNJUST ENRICHMENT
### (Against all Defendants)

49. Kramer incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

50. Defendants have converted for their own use to the exclusion of Kramer the SaucerSwap trade name, logo, social media accounts and other intellectual property created and developed by Kramer.

51. Defendants also have illegally divested Kramer of his 25% membership interest in SaucerSwap and thereby have proportionately illegally increased their respective membership interests in SaucerSwap.

52. Defednants further have illegally divestied Kramer of his at least 3.34% SAUCE token allocation worth in excess of $2.2 million and thereby have illegally increased their respective SAUCE token allocations proportionately.

53. During the course of the SaucerSwap venture, Kramer also contributed personal funds for the furtherance of the enterprise.

54. On October 11, 2021, Kramer paid approximately $700 for SaucerSwap branding.

55. Additionally, Kramer made payments to Rove Lab totaling approximately $3,500 for SaucerSwap animations.

56. Kramer made these out of contributions for the benefit of Defendants and SaucerSwap and was never reimbursed for same.

57. Defendants knew and appreciated that they were receiving financial benefits by converting the intellectual property created and developed by Kramer, by illegally divesting

Kramer of his 25% SaucerSwap interest and his at least 3.34% SAUCE token allocation worth in excess of $2.2 million, and by failing to reimburse Kramer for Kramer's aforementioned capital contributions to SaucerSwap.

58.     Defendants' retention of these benefits has caused Kramer significant financial losses and other damages.

WHEREFORE, Kramer demands judgment jointly and severally against Defendants of not less than $2,700,000, plus interest and costs, and requests that the Court award such other and further relief that it deems just and equitable.

## JURY DEMAND

Plaintiff requests that each claim be tried before a jury to the full extent trial by jury is allowed by law.

Date: May 4, 2022

        Respectfully submitted,

        */s/ Mark D. Maneche*
        Mark D. Maneche (Federal Bar No. 23368)
        mmaneche@pklaw.com
        Pessin Katz Law, P.A.
        901 Dulaney Valley Road, Suite 500
        Towson, Maryland 21204
        410-769-6151